UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN M. HUNNICUTT

     Plaintiff,

vs.                                          Case No.:

SCOTT LOWERY LAW OFFICE, P.C.

     Defendant,

_____/

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1.      This is an action for damages brought by Plaintiff, STEVEN M. HUNNICUTT (hereinafter referred to as "Plaintiff"), an individual consumer against the Defendant, SCOTT LOWERY LAW OFFICE, P.C. (hereinafter collectively referred to as "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and for violations of the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides in Polk County, Florida, Defendant does business in this District, and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, STEVEN M. HUNNICUTT is a natural person and citizen of the State of Florida residing in Polk County, Florida.

4.      Defendant, SCOTT LOWERY LAW OFFICE, P.C. is a foreign corporation that engages in the business of debt collection of consumer debts.  Defendant conducts business in the State of Florida.  Defendant's principal place of business is in the State of Colorado and it is incorporated in the State of Colorado.  Defendant is a "debt collector" as defined by the 15 U.S.C. §1692a(6) and as defined by Section 559.55(6), Florida Statutes.

5.      The Defendant's individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

6.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

7.      Defendant regularly collects or attempts to collect consumer debts from other parties. Defendant is a "debt collector" as that term is defined in the FDCPA and the FCCPA.

8.      At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

9.      Upon information and belief, a debt was assigned, placed or otherwise transferred to Defendant for collection, and thereafter Defendant began harassing collection activities against Plaintiff.  The debt in question was from a credit card agreement entered into by Plaintiff for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and by Section 559.55(1), Florida Statutes.

10.     The harassing collection activity on the part of Defendant against Plaintiff is as follows:

a.     On or about December 29, 2009 Plaintiff received a letter from Defendant with regard to the alleged consumer debt.  See attached Exhibit "A".

b.     In response to the December 29, 2009 letter, on or about January 6, 2010, Plaintiff wrote and sent a letter by certified mail to the Defendant requesting verification of the debt and also requesting that all forms of telephonic communication and contact from Defendant to Plaintiff cease.  The return receipt notification indicates that the letter was received by Defendant on January 11, 2010.  See attached composite Exhibit "B" which includes the letter and the certified mail return receipt information.  Despite receipt of the notification letter by Defendant, Plaintiff has continued to receive collection telephone calls from Defendant's representatives, employees and/or agents.

b.     Notwithstanding the notification letter from Plaintiff to Defendant to stop making telephone calls to him, the telephone calls from Defendant have persisted.  Plaintiff received a telephone call on February 16, 2010.  During these telephone calls to Plaintiff, Plaintiff informed the representative of Defendant of the existence of the notification letter.  Completely and with total disregard of the information provided by Plaintiff, Defendant's representatives continue to make inquiry whether Plaintiff is going to make any payment on the alleged debt.

c.     In response to the repeated telephone calls from Defendant, Plaintiff contacted the Colorado Supreme Court Attorney Regulation Counsel Department to elicit assistance to stop the telephone calls by Defendant.  Attached marked as Exhibit "C" is correspondence dated May 10, 2010 as to the investigation conducted by  the Colorado Supreme Court Attorney Regulation

Counsel Department. The letter implies that Defendant is aware of the need of Defendant to stop further telephone calls to Plaintiff with regard to the debt in question.

d.      Notwithstanding the above referenced notification letter, Defendant's acknowledgement of the cease and desist letter and the intervention of the Colorado Supreme Court Attorney Regulation Counsel Department, the telephone calls from Defendant have persisted, totally ignoring Plaintiff's reasonable request and directive for Defendant to cease telephonic communication with Plaintiff.

e.      On or about November 1, 2010 at approximately 5:08 p.m. Plaintiff received a telephone call from a representative of Defendant. During this telephone call to Plaintiff, Plaintiff attempted to inform the representative of Defendant of the existence of the notification letter. The representative of Defendant identified that he was calling for Defendant, but the collector refused to provide his name and advised Plaintiff that he would be calling every day to collect the debt.

f.      On or about November 2, 2010 at approximately 9:00 a.m. Plaintiff received a telephone call from a representative of Defendant. During this telephone call to Plaintiff, Plaintiff attempted to inform the representative of Defendant of the existence of the notification letter. The representative of Defendant identified that he was calling for Defendant, but the collector refused to provide his name and advised Plaintiff that he would be calling every day to collect the debt.

11.     As shown above, Defendant has continued the harassing collection activities against Plaintiff even after Plaintiff has repeatedly told Defendant of the written request to not call, and has repeatedly told Defendant's representative to not call with regard to this particular debt.

*Complaint*
*Page 4 of 14*

12.     This harassment, as shown above, has been carried out by multiple telephone calls to Plaintiff by Defendant.

13.     The purpose of the calls was to harass Plaintiff.

14.     The method of harassing Plaintiff was by repeatedly calling Plaintiff's home and disturbing his privacy and peace.

15.     The Defendant intentionally, willfully, and with full malice harassed, annoyed, and otherwise tried to disturb the peace and privacy of Plaintiff so as to cause Plaintiff to do something contrary to Plaintiff's interest, such as to pay the alleged consumer debt, so that Defendant would stop making harassing telephone calls to Plaintiff's residence. The only reason Defendant called repeatedly to Plaintiff was to harass and annoy Plaintiff.

16.     The Defendant's website claims that its "number one policy is to be  . . .  in compliance with the myriad of consumer protection laws such as the Fair Debt Collection Practices Act."  Also that "[o]ur personnel are trained to be sensitive to the needs of consumers and to minimize aggressive collection methods.  We listen to consumers and work with consumers to find a friendly resolution of the consumer's debt problem.  We are committed to a policy that negotiation is as valuable a tool in resolving claims as is the filing of litigation."

17.     Based upon the above noted misconduct towards Plaintiff by Defendant, the above stated policy statement of Defendant may not be true with respect to Plaintiff. Defendant's stated policy statement of sensitivity has been changed with respect to Plaintiff as one of harassment.

18.     This misconduct has been, and continues to be, very distressing and upsetting to Plaintiff.

19.     Plaintiff has been denied the enjoyment, peace, tranquility, and privacy of his own home due to the invasive, harassing, and abusive telephone calls from this Defendant debt collector.

20.     The above-described collection communications by Defendant and collection agents of Defendant was made in violation of numerous and multiple provisions of the FDCPA and the FCCPA.

21.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the FCCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon Plaintiff's seclusion and has resulted in actual damages to Plaintiff.

22.     The collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these telephone calls.

23.     Defendant's attempt to collect this debt in making telephone calls to Plaintiff and Defendant's refusal to stop violating the law was an invasion of Plaintiff's privacy and his right to be left alone.

24.     Defendant's illegal abusive collection communications as more fully described above, and herein, was the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary distress.

25.     Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasion of personal privacy, which was due to the illegal conduct of Defendant.

## RESPONDENT SUPERIOR LIABILITY

26.     The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

27.     The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

28.     By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal Defendant.

29.     Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, FCCPA and Florida tort law, in their attempt to collect this debt.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

30.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiff incorporates Paragraphs 1 through 30.

32.     The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

33.     Defendant and its agents violated 15 U.S.C. § 1692d (5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

34.     Defendant and its agents violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff, the consumer, after Defendant had been placed on notice in writing that the consumer refuses to pay the debtor and that the consumer wishes the debt collector to cease further communication.

35.     Defendant and its agents violated 15 U.S.C. § 1692d by engaging in conduct against Plaintiff that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

36.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a.     for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.     for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d.     for such other and further relief as may be just and proper.

## COUNT II

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37.     Plaintiff incorporates Paragraphs 1 through 36.

38.     The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FCCPA with respect to Plaintiff.

39.     This direct telephone contact by Defendant with Plaintiff constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

40      Defendant and its employees and agents violated the State of Florida Consumer Collection Practices Act, Section 559.72 (7), Florida Statutes by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41.     Defendant and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42.     As a result of the above violation of the State of Florida Consumer Collection Practices Act, Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.      Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violation of the FCCPA;

b.      Actual damages;

c.      Statutory damages pursuant to Section 559.77, Florida Statutes;

d.    Costs and reasonable attorney's fees pursuant to Section 559.77, Florida Statutes;

and

f.    For such other and further relief as may be just and proper.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43.    Plaintiff incorporates Paragraphs 1 through 42.

44.    Florida law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Florida state law as described in this Complaint.

45.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*. 15 U.S.C. § 1692(a) (emphasis added).

46.    Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an *affirmative and continuing obligation* to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

47.    Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

48.     Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

49.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

50.     The conduct of this Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

51.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

52.     All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a.     for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and FCCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.     punitive damages; and

c.     for such other and further relief as may be just and proper.

*Complaint*
*Page 11 of 14*

## COUNT IV

### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

53.     Plaintiff incorporates Paragraphs 1 through 52.

54.     Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a.      for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and FCCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

b.      punitive damages; and

c.      for such other and further relief as may be just and proper.

## COUNT V

### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

55.     Plaintiff incorporates Paragraphs 1 through 54.

56.     Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

57.     Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

*Complaint*
*Page 12 of 14*

58.     It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

59.     Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

60.     Defendant invaded the privacy of Plaintiff as set forth in Florida law.

61.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

62.     As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a.     for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

b.     punitive damages; and

c.     for such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this ___5___ day of November 2010.

DICESARE, DAVIDSON, & BARKER, P.A.

Harold E. Barker, Esquire
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff

*Complaint*
*Page 14 of 14*

# P. SCOTT LOWERY, P.C.*
## Attorneys And Counselors At Law

\* A trade name for Scott Lowery Law Offices, P.C.

David L. Michael
James R. Wolf
Veronica L. Noecker

4500 Cherry Creek Drive South
Suite 700
Denver, Colorado 80246
Telephone  (303) 218-7550
Toll Free    (866) 365-6185
Telefax      (303) 218-7548 or 7549

DECEMBER 29TH, 2009

78926

IdIdatItdatdataImItdatdatdadantdantdaltdataItdal
S *****AUTO**MIXED AADC 350
0229/5200        343
STEVEN M HUNNICUTT                                    9
WINTER HAVEN, FL 33881-9506

78926

RE:   Creditor:                          CACH, LLC
      Lowery Account No.:                 0229
      Original Creditor:                  DIRECT MERCHANTS
      Original Creditor Account No.:      6043
      Current Balance Claimed Due:        $2,044.42

Dear STEVEN M HUNNICUTT:

This office has been retained to collect the debt owed by you to CACH, LLC. This is a demand for full payment because you have had ample time to pay your creditor.

You are hereby advised: Unless you, the consumer, notify this office within thirty days after receipt of this notice that you dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you, the consumer, notify this office in writing within thirty days after receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within thirty days after receipt of this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA.

At this time no attorney with our law firm has personally reviewed the particular circumstances of your account. Please call our office immediately. The toll free number is 866-365-6185.

If you would like to make a payment online please go to www.lowerylawgroup.com

P. SCOTT LOWERY, P.C.

**EXHIBIT**

"_A_"

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

DM1P

343 5200

1/6/2010                                                            *copy*

Steven M. Hunnicutt
139 Lake Region Blvd. N.
Winter Haven, FL 33881

P. Scott Lowery, P.C.
4500 Cherry Creek suite 700
Denver, Colorado 80246

After calling, and speaking to I believe the associate advised her name was Megan, I realize your company is not in favor of trying to resolve this matter, but instead only to badger the party.

After I terminated the phone call, I was called back twice, I think you are now falling into telephone harassment, and I have documented evidence of this action.

I am requesting proof for validity of this debt, and how the balance was calculated, as stipulated under the FDCPA.

This is also to inform you in accordance with the Federal FDCPA, now that you have received this information, consider this also a notification that this is a "stop calling" letter, you may only contact me that you:

- Are terminating further collection efforts;
- Invoking specified remedies which ordinarily invoked by you or your company; or
- Intend to invoke a specified remedy

Please be advised that I am fully aware of my rights, and I know future contact by your office violates the Federal FDCPA, calls made by you, or your company to any 3rd party concerning me also violates section 805(b) of the FDCPA.

Be advised that I am keeping accurate records of all communications, and correspondence from you, and your office, including tape recording calls.

Steven M. Hunnicutt




( copy of letter that went certified )

EXHIBIT
"B"



(copies of the certified mail receipts)

**COLORADO SUPREME COURT**
**ATTORNEY REGULATION COUNSEL**



Assistant
Regulation Counsel

Regulation Counsel
John S. Gleason

Chief Deputy Regulation Counsel
Nancy L. Cohen

Deputy Regulation Counsel
James C. Coyle

Amy C. DeVan
Stephen R. Fatzinger
Lisa E. Frankel
Margaret B. Funk
Kim E. Ikeler
Elizabeth Espinosa Krupa
Cynthia D. Mares
April M. McMurrey
Charles E. Mortimer, Jr.
Matthew A. Samuelson
Louise Culberson-Smith
James S. Sudler

Attorneys' Fund for Client Protection
Unauthorized Practice of Law

May 10, 2010

Mr. Steven Hunnicutt
139 Lake Region Blvd.
Winter Haven, FL 33881

Re:  Request for Investigation of P. Scott Lowery, Esq., 10-00534

Dear Mr. Hunnicutt:

I have completed my review of your request for investigation of Philip Scott Lowery. For this office to discipline a lawyer, we must be able to prove by clear and convincing evidence that the lawyer violated any of the Colorado Rules of Professional Conduct. You assert that a representative from Mr. Lowery's office called you despite your written request to not contact you by telephone.

As a result of your request for investigation, I spoke to Mr. Lowery's counsel, Mr. Michael, who states that you were in fact called despite your written request. He states that their records show that you were contacted on February 16, 2010 and that you returned their call on February 17, 2010. Mr. Lowery's counsel further states that you were advised that they would try to get verification of the debt. Mr. Michael has recently informed this office that they have received verification of the debt and that you will be provided a copy. Mr. Michael states that despite their training of collectors, you were called inappropriately. He further states that their file has been appropriately flagged so that you are not called.

Based on the evidence we have, we have determined that the conduct in question is not a violation of the Colorado Rules of Professional Conduct and that it was a mistake. Therefore, we are closing this matter and will take no further action.

Sincerely,

EXHIBIT
"C"

Colorado 80202 • (303) 866-6400 • Toll free (877) 888-1370 • Website • www.coloradosupremecourt.com

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

STEVEN M. HUNNICUTT

_____
*Plaintiff*

v.

SCOTT LOWERY LAW OFFICE, P.C.

_____
*Defendant*

)
)
)
)
)
)
)
)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

SCOTT LOWERY LAW OFFICE, P.C.,
by serving its Registered Agent:
NRAI SERVICES, INC.
2731 EXECUTIVE PARK DRIVE, SUITE 4
WESTON, FL 33331

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

HAROLD E. BARKER, ESQUIRE
DiCESARE, DAVIDSON & BARKER, P.A.
POST OFFICE BOX 7160
LAKELAND, FL 33801
(863) 648-5999

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: